UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,          Case No. 2:14-cr-20516
                                           Honorable Marianne O. Battani

      v.

D-1 ANDREW LEE WARR,
D-2 WILLIAM LAVON HARRIS, and
D-3 SAMANTHA DAWN WHITACRE,

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO FIND DEFENDANT SAMANTHA WHITACRE COMPETENT TO STAND TRIAL

On July 21, 2014, Defendant Samantha Whitacre (along with two co-defendants) was charged in a criminal complaint with Bank Robbery (18 U.S.C. § 2113(a)). [1].[1] Whitacre appeared before the undersigned on July 21, 2014, for her initial appearance and was ordered temporarily detained. [3]. Whitacre's counsel made an oral motion for a competency evaluation, which the undersigned granted. [16]. More specifically, the Court ordered that a psychiatrist or psychologist employed by the United States be appointed and directed to examine Whitacre's mental condition, that that examiner prepare a written report that addressed the factors specified in 18 U.S.C. § 4247(c), including whether Whitacre "is suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [she] is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense." [16].

Whitacre was transported to FMC Carswell on December 2, 2014 so the competency examination could take place. There, Whitacre was interviewed by Dr. Christine Anthony,

---

[1] Whitacre has since been indicted on charges for Conspiracy to Commit Bank Robbery (18 U.S.C. § 371) and Bank Robbery (18 U.S.C. § 2113(a)). [20].

Ph.D., a forensic psychologist, on multiple occasions, and she provided information about her background and medical/psychiatric history. On December 31, 2014, Dr. Anthony issued a Forensic Evaluation report in which she concluded that "Whitacre is competent to stand trial at this time. She has a factual and rational understanding of the legal proceedings before her and is able to communicate with her attorney with a reasonable degree of rational understanding."

Dr. Anthony's conclusion is fully supported by the information contained in her Forensic Evaluation. Dr. Anthony found that Whitacre was "fully oriented and alert," her speech was normal, and her responses to questions were "relevant and appropriate, reflecting an organized cognitive process…She displays good insight and judgment at this time." Dr. Anthony also found that Whitacre "displayed good factual knowledge of courtroom procedures and clearly understood the roles of judges, prosecutors, and defense attorneys," and that she "displayed a good understanding of more complex legal concepts and how they may be applied in her case." Finally, Dr. Anthony noted that Whitacre was able to name her attorney, that she described her contacts with him, and that she indicated that she has not had any difficulty understanding him.

A copy of Dr. Anthony's Forensic Evaluation was provided to both Whitacre's and the government's counsel, and the undersigned held a competency hearing on March 19, 2015. During that hearing, neither party challenged Dr. Anthony's conclusion that Whitacre is competent to stand trial at this time.

In light of the foregoing, the Court **RECOMMENDS** that Whitacre be found competent to stand trial at this time with respect to the charges she is facing in this criminal case.

Dated: March 26, 2015                           s/David R. Grand
Ann Arbor, Michigan                             DAVID R. GRAND
                                                United States Magistrate Judge

2

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2015.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager